# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

TALETHA D. WINSTON                                                   PLAINTIFF

VS.                                         CIVIL ACTION NO. 2:12cv61-KS-MTP

CITY OF LAUREL POLICE DEPARTMENT                          DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [2] requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915. Having considered the motion and the applicable law, the undersigned recommends the Motion [2] be denied.

Upon review of the motion and affidavit filed with the court, the undersigned concludes that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff has a monthly gross income of $3361.92, with monthly expenses of $3,031; she owns a vehicle, and has approximately $20.00 in cash.

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of her poverty? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute her last dollar, or render herself destitute to prosecute her claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the Plaintiff's circumstances, particularly the fact that she has a full-time steady job, the undersigned finds that she could pay the filing costs without undue financial hardship if given sixty additional days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee in sixty days, as she has a place to reside, a motor vehicle, and a monthly income.  Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's Motion [2] to proceed in forma pauperis be denied.  The undersigned further recommends that Plaintiff be given sixty days from the date of this report and recommendation to pay the filing fee in this cause. The undersigned further recommends that this matter be dismissed without prejudice if the filing fee is not paid by August 18, 2012.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of June, 2012.

s/ Michael T. Parker  
United States Magistrate Judge
