# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**TALETHA D. WINSTON**                                                              **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO.: 2:12cv61-KS-MTP**

**CITY OF LAUREL/CITY OF LAUREL**
**POLICE DEPARTMENT**                                                      **DEFENDANT**

## OPINION AND ORDER

This matter is before the Court on the following motions: Plaintiff Taletha D. Winston's Motion for Judgment by Default (*see* docket entry number "[9]"); Defendant the City of Laurel's Motion to Set Aside Entry of Default and Accept Answer [11]; and Plaintiff's Amended Motion for Judgment by Default [14]. Having considered the submissions of the parties, the record and the applicable law, the Court finds that Plaintiff's motions should be denied and that the Clerk's Entry of Default [8] should be set aside.

## BACKGROUND

On April 18, 2012, Plaintiff, proceeding *pro se*, filed this suit against the City of Laurel Police Department alleging discrimination under the Americans with Disabilities Act of 1990 ("ADA"). (*See* Complaint [1].) Plaintiff alleges that the Defendant failed to reasonably accommodate her based on doctor's orders due to a disability and as a result, she was forced to resign her position as Sergeant in the Patrol Division. (*See* Complaint [1] at p.1.)

On August 17, 2012, a Summons [6] with proof of service indicating that Chief Tyrone Stewart was served at the Laurel Police Department on August 15, 2012, was

filed in this case. Plaintiff subsequently moved for entry of default and the Clerk's Entry of Default [8] was entered on September 7, 2012. Plaintiff filed her Motion for Judgment by Default [9] against the "City of Laurel Police Department" on September 11, 2012.

On September 24, 2012, the City of Laurel filed its Motion to Set Aside Entry of Default and Accept Answer ("Motion to Set Aside") [11]. The Motion to Set Aside [11] provides that the City of Laurel Police Department (the "Police Department") is erroneously named in the Complaint because it is not a separate legal entity capable of being sued. The City contends that its failure to defend was inadvertent and not willful. An Affidavit executed by the City's Human Resource Manager, Rebecca Clark, in support of the Motion to Set Aside [11] provides that the Chief Executive Officer of the City is the Mayor, Melvin Mack; that Tyrone Stewart is the Police Chief; that the Police Department does not maintain a legal existence separate and apart from the City; and that the City desires to defend the Plaintiff's claims. (*See* Clark Affidavit [12-1].)

On September 28, 2012, Plaintiff responded in opposition to the Motion to Set Aside [11] through a document entitled "Motion to Deny Setting Aside Entry of Default" [13]. Plaintiff appears to contend that service of process on Chief Tyrone Stewart was proper because the Chief is appointed by the Mayor, the Chief has been served in prior federal actions, and the Chief should have informed the Mayor about the lawsuit. Plaintiff further alleges that she "will be able to show prejudice" in relation to the Defendant's prior failure to defend. Also on September 28, the Plaintiff filed an Amended Motion for Judgment by Default [14] requesting the entry of judgment against the "City of Laurel/City of Laurel Police Department". An Amended Complaint [15] against the "City of Laurel/City of Laurel Police Department" was also filed on this date. The Amended Complaint [15]

contains the same basic fact allegations as the original Complaint [1]. On October 19, 2012, the City of Laurel answered the Amended Complaint. (S*ee* Answer [19].)

## **DISCUSSION**

"The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . ." *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991). Furthermore, default judgments are generally disfavored under the law and "'should not be granted on the claim, without more, that the defendant . . . failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). In accordance with these principles, and pursuant to the below-stated reasons, the Court finds that the Clerk's Entry of Default [8] should be set aside and that this case should proceed on its merits.

First, the filing of the Amended Complaint [15] mooted the Clerk's Entry of Default [8]. "[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading . . . ." *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (citations and internal quotation marks omitted). Plaintiff Taletha D. Winston's Amended Complaint [15] neither refers to, adopts, nor incorporates by reference the original Complaint [1]. As a result, the original Complaint is no longer operative and the Defendant's default with respect to that pleading is now moot. *Cf. Morris v. Medley*, No. 1:10cv389, 2011 WL 745783, at *2 (S.D. Miss. Feb. 24, 2011) (finding a motion for default judgment to be moot where the plaintiff was granted leave to

file an amended complaint); *Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.*, No. 4:08cv1947, 2009 WL 2916841, at *1 (E.D. Mo. Sept. 4, 2009) (holding that the entry of default relating to the original complaint was rendered moot when the plaintiff filed an amended complaint); *Rock v. Am. Express Travel Related Servs. Co.*, No. 1:08cv853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008) ("Plaintiff's motion for default judgment–which is premised on Defendant American Express' failure to answer Plaintiff's original Complaint–is denied on the alternative ground that it was mooted and/or rendered untimely by the filing of an Amended Complaint . . . .").

Second, good cause exists to set aside the default under Federal Rule of Civil Procedure 55(c). "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Courts within the Fifth Circuit generally use the following three factors to determine whether "good cause" exists to set aside an entry of default: "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)).

### 1. Whether the Default was Willful

The Clerk's Entry of Default [8] appears to be the result of the Plaintiff suing a non-existent legal entity, as opposed to any deliberate attempt to avoid litigation on the part of the Defendant. A city department "must enjoy a separate legal existence" in order for it to be amenable to suit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citations and internal quotation marks omitted). "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Id.*

(quoting Fed. R. Civ. P. 17(b) and holding that the Pasadena Police Department was subject to dismissal since it did not enjoy a legal existence separate and apart from the City of Pasadena). "In Mississippi, police and Sheriff's departments are not subject to suit because they do not enjoy a separate legal existence apart from their respective cities or counties." *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10cv207, 2011 WL 4529665, at *2 (N.D. Miss. Sept. 28, 2011) (citing *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006)) (affirming the dismissal of the Bolivar County Sheriff's Department); *see also Stovall v. City of Hattiesburg*, No. 2:10cv84, 2010 WL 1980313, at *1-2 (S.D. Miss. May 17, 2010) (dismissing the Hattiesburg Police Department since the City of Hattiesburg was the proper party).

The preceding authorities counsel that the City of Laurel, and not the Police Department, is the appropriate Defendant in this case.[1] Process must be served on a municipal corporation's chief executive officer in order to be effective. *See* Fed. R. Civ. P. 4(j)(2)(A).[2] Mayor Melvin Mack, as opposed to Police Chief Tyrone Stewart, is the City of Laurel's Chief Executive Officer. (*See* Clark Affidavit [12-1] at ¶¶ 2, 3.) Consequently, Plaintiff's service of process on Chief Stewart was of no effect[3] and the initial absence of an answer to Plaintiff's claims for relief is excusable. *Cf. Diaz v. United States*, 789 F.

---

[1] The Court will consider the dismissal of the Police Department from this lawsuit upon a properly filed motion.

[2] *See also* Miss. R. Civ. P. 4(d)(7) (requiring service on a mayor or municipal clerk).

[3] Plaintiff's unsubstantiated hearsay allegation that Constable Mitch Sumrall told her he had "served the Chief of Police in the past involving federal civil actions" is not proof of anything. (*See* Motion to Deny Setting Aside Entry of Default [13] at p. 1.) Moreover, the Police Chief's possible acceptance of service of process in prior actions in no way confers separate legal entity status on the Police Department under Mississippi law.

Supp. 2d 722, 732 (S.D. Miss. 2011) (finding good cause to set aside entry of default where the plaintiff served an individual defendant that was immune from liability under the Federal Tort Claims Act).

### 2. Whether Setting Aside the Default Would Prejudice the Plaintiff

No cognizable prejudice exists "where 'the setting aside of the default has done no harm to the plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Further, mere delay will not constitute prejudice. *Id.* Instead, the plaintiff must demonstrate "'that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

The Court has examined the record and found no threat of prejudice to the Plaintiff arising from the default being set aside other than her being required to prove her case. This action is still in its initial stages and no undue delay will result from setting aside the default. Discovery has yet to be filed, there is no trial date, and allowing the case to proceed on its merits will not require any case management deadlines to be reset.

### 3. Whether a Meritorious Defense Has Been Presented

Under this factor, the central concern is whether there exists "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 373 (5th Cir. 2008) (citations omitted). The Court finds that the City of Laurel has presented defenses that, if proven true, would achieve a result contrary to the entry of a default judgement in Plaintiff's favor. Two defenses of note are Plaintiff's alleged failure to exhaust her administrative remedies

and the statute of limitations. (*See* Answer [19] at p. 2.) Plaintiff's ADA claims could be subject to dismissal under either one of these defenses. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (affirming dismissal of claims brought under the ADA due to plaintiff's failure to exhaust administrative remedies); *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004) (affirming dismissal of ADA claims as time-barred).

Each of the preceding "good cause" factors weighs in favor of the Clerk's Entry of Default [8] being set aside.

## **CONCLUSION**

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Plaintiff's Motion for Judgment by Default [9] and Amended Motion for Judgment by Default [14] are denied.

IT IS FURTHER ORDERED AND ADJUDGED that the City of Laurel's Motion to Set Aside Entry of Default and Accept Answer [11] is granted and that the Clerk's Entry of Default [8] should be and hereby is set aside. Additionally, the parties are directed to contact the Chambers of Magistrate Judge Michael T. Parker within ten (10) days of the date of this order to schedule a Case Management Conference.

SO ORDERED AND ADJUDGED this the 31st day of October, 2012.

                                  *s/Keith Starrett*
                                  UNITED STATES DISTRICT JUDGE